Bowen, J.
I think that the instrument signed by the defendant is wholly void, by reason of the condition therein contained. It was intended as a subscription to the capital stock of the company. The act under which the plaintiff was incorporated prescribes the manner of subscribing for stock, and only authorizes absolute subscriptions. This ease cannot be distinguished in principle from Butterworth, &c., Turnpike Company v. North (1 Hill, 518). It was held, in that case, that to allow subscriptions to the stock of such a corporation to be received, conditioned that a particular location of the proposed road should be adopted, would be contrary to public policy, as by such means improper influences might be brought to bear upon the question of the location. The object had in view by the legislature, in authorizing the formation of these corporations, was to benefit the public generally, by providing for the construction of safe and commodious highways, so located as to be most convenient and beneficial. If the interest of the stockholders, in such a company, is allowed to control the question, such a location and such *586 termini of the .proposed road will almost invariably be adopted as will best subserve the public interest; when if, in order to procure the requisite amount of capital, subscriptions are .allowed to be taken, conditioned that a particular location or terminus be adopted, public convenience will frequently be sacrificed to individual interest.
By the articles of association of this company, their road was to be constructed from Fort Edward to Fort Miller, a distance of eight miles, with the privilege of extending it to Saratoga bridge, two and one-half miles further; and a large majority of the stockholders became such by subscribing the articles, which left it optional with the directors whether the road should be extended. These stockholders had the right not only to expect, but to require, that it should not be extended unless the interest of the company would be thereby promoted; but by receiving these conditional subscriptions the directors were obliged to extend the road, although every dollar expended for that purpose will be a total loss to the corporation, and none be benefited thereby except those at whose instance it was done.
' The judgment appealed from should be reversed and a new trial granted.
Denio, C. J., Selden, Shankland and Paige, Js., concurred ; Johnson, J., expressed no opinion; Comstock and Brown, Js., not having heard the argument, took no part in the decision.
Judgment reversed and new trial ordered